Nicholas Albano III
**ALBANO AND ALBANO**
453 Route 46, Ste. 6
Hackettstown, NJ 07840
Telephone: (908) 850-3323
Facsimile: (908) 850-6443
e-mail:      nickalbano@albanoandalbano.com

Attorneys for Plaintiff,
AD MAGIC, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AD MAGIC, Inc., a New Jersey corporation, | : | |
| | : | Civil Action |
| | : | No. |
| Plaintiff, | : | |
| | : | |
| v. | : | COMPLAINT FOR |
| | : | DECLARATORY JUDGMENT |
| ADVERTISING MAGIC, INC., | : | |
| a California corporation, and | : | and |
| HARILAOS FRANCISCO BOUKIS, | : | |
| an individual, | : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, Ad Magic, Inc. ("Ad Magic "), for its claims against the Defendants, alleges as follows:

THE PARTIES

1.      Ad Magic is a New Jersey corporation with its principal place of business at 125 Main Street, Netcong, New Jersey, 07857.

2.      Ad Magic alleges upon information and belief that Defendant Advertising Magic, Inc. ("Advertising Magic") is a business entity with its principal places of business at 2116 North Main Street, Suite G, Walnut Creek, California, 94596.

3.      Ad Magic alleges upon information and belief that Defendant Hariloas Francisco Boukis ("Mr. Boukis") is a managing agent, officer or principal of Advertising Magic.

4.      Ad Magic alleges upon information and belief that Defendant Mr. Boukis is an individual with a residence at 74 Bishop Lane, Walnut Creek, California, 94596.

## NATURE OF THE ACTION

5.      Plaintiff, Ad Magic, files this action against Defendants for a declaratory judgment under 28 U.S.C.S. § 2201 because there is an actual case or controversy in this District concerning trademark infringement under the Lanham Act (15 U.S.C. § 1051 et seq.) and for related claims of common law unfair competition.  Plaintiff seeks a declaration that its longstanding and continued use of the mark AD MAGIC (1) does not infringe Defendants' claimed trademark rights under 15 U.S.C. § 1114(1)(a); (2) does not constitute false designation of origin under 15 U.S.C. § 1125(a); and (3) does not constitute unfair competition under state law.  Plaintiff also seeks a declaration of equitable estoppel prohibiting the enforcement against Plaintiff of any trademark rights Defendant claims it has in any mark incorporating the works "ad magic."  Finally, Plaintiff seeks its attorneys' fees, expenses, and costs incurred in this action, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the federal trademark infringement claims under 28 U.S.C. §§ 1331 and 1338(a), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

7.      Ad Magic is informed and believes that Defendants Advertising Magic and Harilaos Francisco Boukis claim that Plaintiff's use of the mark AD MAGIC and the internet

website www.admagic.com, and related websites, infringe Defendants' registered mark

ADVERTISING MAGIC.  Ad Magic has a reasonable apprehension, based on Defendants'

conduct, of being sued.  Ad Magic seeks a declaration from the court that there is no

infringement.   There is an actual controversy within this District and this Court has jurisdiction

over Ad Magic's claims against the Defendants.  This action arises out of acts committed by

Defendants in this judicial district which subject them to personal jurisdiction here.  Venue is

proper, therefore, under 28 U.S.C. § 1391(b) & (c).

<u>FACTS COMMON TO ALL CLAIMS</u>

8.      Ad Magic designs, develops, and markets high quality printed materials,

including promotional materials and playing cards; provides exceptional advertising services,

including internet web page design and search engine optimization; writes and produces

television, radio, audiovisual, and streaming internet audio and video services of a high quality;

designs and develops extremely effective computer hardware and software; and provides

exceptional promotional services, graphic design services, and corporate identification services.

9.      Ad Magic advertises and sells its services throughout the United States, including

in this judicial district.

<u>AD MAGIC'S TRADEMARKS AND DOMAIN NAME</u>

10.      Ad Magic was incorporated on January 15, 1998.  The officers of Ad Magic are

Shari Spiro ("Ms. Spiro"), President, and Brian Yelinko ("Mr. Yelinko"), Vice-president.  At the

time Ad Magic was incorporated, neither Ms. Spiro nor Mr. Yelinko were aware of Advertising

Magic.

11.     The domain name www.admagic.com ("admagic.com") was registered on July 13, 1993.

12.     The admagic.com domain name was purchased by Ms. Spiro in, or about, February, 1996.

13.     On information and belief, at the time the admagic.com domain name was offered to Ms. Spiro, it was also offered to Mr. Boukis.

14.     On information and belief, Mr. Boukis declined to purchase the admagic.com domain name.

15.     The website identified by the admagic.com domain name was first published on the internet on, or about, February 16, 1996.  Ex. 1.

16.     Since 1996, Ad Magic has used the service mark AD MAGIC in interstate commerce to advertise its advertising, graphic arts, and website services.

17.     Ad Magic's primary customers are extremely sophisticated business owners and purchasers for large businesses and corporations.

18.     Ad Magic's substantial and continuous advertising, promotion, and use of the mark AD MAGIC in interstate commerce since 1998 has established the mark AD MAGIC and endowed the mark with secondary meaning.  Because of Ad Magic's activities, consumers associate the mark AD MAGIC as a designation of origin of goods and services from Ad Magic.

## ADVERTISING MAGIC'S TRADEMARKS AND DOMAIN NAMES

19.     On information and belief, Advertising Magic was incorporated on, or about, December 16, 1996.

20.     On information and belief, the domain name www.advertsingmagic.com was first published on the internet on, or about, September 27, 1997.  Ex. 2.

18.     Advertising Magic claims to own a federal registration, Registration Number 1,781,914 for the trademark ADVERTISING MAGIC.  The registration was issued on July 13, 1993 to Mr. Boukis, Ex. 3, and assigned to Advertising Magic on August 29, 2006.  Ex. 4.  The mark was registered with a disclaimer as to the use of the word "advertising" outside of the mark.  The mark was registered for use in "mail order services featuring a variety of items used for imprinting advertisings and trademarks thereon; distributorship services in the field of custom imprinted items; and graphic art design services, in Class 42 (U.S. Cls. 100 and 101)."  The application alleged a first use in commerce of March 1, 1990.  Ex. 3.

19.     On information and belief, Advertising Magic's primary customers are extremely sophisticated business owners and purchasers for large businesses and corporations.


ADVERTISING MAGIC'S CLAIMS OF TRADEMARK INFRINGEMENT

20.     On, or about, October 10, 2006, Defendants wrote a letter to Plaintiff, headed "Intent to File Suit" with a reference line of "Infringement of Property Rights."  Ex. 5.

21.     In the letter, Defendants allege that Plaintiffs are infringing their registered service mark for ADVERTISING MAGIC.  They further allege that Plaintiffs are violating the "Anti Cybersquatting Consumer Protection Act of 1999." Ex. 5.

22.     While defendants claim that they have engaged in significant advertising and promotion of their mark ADVERTISING MAGIC, they make no claims to using, advertising, or promoting the service mark AD MAGIC.  *Id*.

23. Defendants claim that the AD MAGIC mark has caused confusion with Advertising Magic's suppliers. Defendants make no allegation of confusion among their customers. *Id.*, ¶ 7.

24. Defendants further allege, with no evidence, that admagic.com is "intended to (and actually does) confuse and misdirect customers" seeking ADVERTISING MAGIC'S web site advertisingmagic.com. *Id.*, ¶ 8.

25. Defendants allege, again with no evidence, that Ad Magic's activities are "unlawful and constitute unfair competition, intentional trademark infringement, trademark dilution, false designation of origin, damage to business reputation and cybersquatting." *Id.*, ¶ 8.

26. Defendants threaten plaintiff with "preliminary and injunctive relief, money damages, [taking Plaintiff Ad Magic's] profits, . . . the destruction or confiscation of infringing products and promotional materials, . . ., attorneys' fees and possible treble money damages." *Id.*, ¶ 9.

27. Defendants indicate that they are "prepared to file a lawsuit asserting any and all state and federal causes of action." *Id.*, ¶ 11.

28. Defendants "reserve their right, without further notice . . ., to pursue all available legal and equitable remedies," including damages of at least $450,000.00. *Id.*, ¶ 12.

29. Defendants claim that their notice complies with the "pre-suit requirements of the Texas Tort Reform Act" and that they are free to seek a temporary injunction prior to the end of the statutory period allowed by the Tort Reform Act." *Id.*, ¶ 12.

30. Defendants attach, as Appendix A to their letter, a copy of the ADVERTISING MAGIC service mark registration and as Appendix B, an undated screenshot of admagic.com. *Id.*.

31.     The heart of Defendant's claims is contained in two documents attached to their October 10 letter, a "Certificate of Compliance," Ex. 6, and a "Bill of Sale," Ex. 7.

32.     The Certificate of Compliance demands an agreement to permanently cease all use of the designation "Ad Magic". *Id*., ¶ 2.

33.      The agreement further requires the removal of all reference to infringing merchandise from Ad Magic's websites, *id*., ¶ 3, and the recalling of all of Ad Magic's merchandise from all parties located in the United States. *Id*., ¶ 4.

34.     The demanded agreement also requires the notification of suppliers, buyers, customers, agents, attorneys, assigns and successors that promotional advertising materials with the Ad Magic mark cannot be shipped or sold in United States and that any parties inquiring about Ad Magic will be told that such products cannot be sold in the United States.  Id., ¶ 5.

35.     The Certification of Compliance further demands that Plaintiffs identify by name, address and telephone number their distributors, wholesalers, and retail outlets, to which we have sold or delivered any merchandise.  *Id*., ¶ 5b.

36.     The bill of sale, proposed by defendants requires the sale of the following registered domain names:

> www.admagic.com
>
> www.admagic.inc.com
>
> www.admagicpromo.com
>
> www.admagicadvertising.com
>
> www.admagic.org.

Ex. 7.

37.     The bill of sale includes provisions warranting and defending good title and the sale of these websites for the sum of $10.00.  *Id.*

## FIRST CLAIM FOR RELIEF

### (Declaration of Non-Infringement – Under the Lanham Act)

38.     The allegations of the preceding paragraphs of this Complaint are repeated, re-alleged, and incorporated by reference as is set forth more fully herein.

39.      Defendants' claims that Plaintiff's use of the mark AD MAGIC and the website admagic.com, and related websites, infringe Defendants' registered mark ADVERTISING MAGIC create an actual controversy before this Court.

40.     Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites has not, and is not likely to, cause confusion as to the source or sponsorship of Plaintiff's products and services with the source of Defendants' products and services.

41.     Plaintiff's AD MAGIC mark is different in sight, sound and commercial meaning from Defendants' mark ADVERTISING MAGIC.  The only shared component of the two marks is the word "magic" which is a term widely used by unrelated entities both in the advertising field in other channels of commerce.  A sophisticated, wholesale purchaser will not be confused by the concurrent use of the word "magic" by both companies, particularly where the marks are otherwise different.  While the word "ad" is an abbreviation of the word "advertisement," a trademark owner does not acquire rights in an abbreviation which is does not actually use or advertise.  The concurrent use of the marks since at least 1996 without any instances of actual confusion between the marks by purchasers attests to the fact that there is no likelihood of confusion between the marks.

42.     Plaintiff's use of the mark AD MAGIC does not infringe any rights of Defendants under 15 U.S.C. § 1114(a).

43.     Plaintiff requests a declaration from the Court that its past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites does not infringe any of Defendants' rights under 15 U.S.C. § 1114(1)(a).


SECOND CLAIM FOR RELIEF

(Declaration of No False Designation of Origin Under the Lanham Act)

44.     The allegations of the preceding paragraphs of this Complaint are repeated, re-alleged, and incorporated by reference as is set forth more fully herein.

45.     An actual controversy exists before the Court with respect to whether Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites infringe any of Defendants' claimed rights under 15 U.S.C. § 1125(a).

46.     Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites is not likely to cause confusion as to source of sponsorship and does not constitute a false designation of origin under 15 U.S.C. § 1125(a).

47.     Defendant lacks any exclusive trademark rights in the only shared portion of the parties' respective marks, namely "magic," because the term is commonly used in the relevant industry.  Defendant lacks any exclusive trademark rights in the abbreviation of the word "advertising" because it does not, and has not, used the abbreviation in interstate or intrastate commerce.

48.     Plaintiff requests a declaration from the Court that its past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites does not constitute unfair competition and/or a false designation of origin under 15 U.S.C. § 1125(a).


### THIRD CLAIM FOR RELIEF

(Declaration of No False Unfair Competition Under State Common Law)

49.     The allegations of the preceding paragraphs of this Complaint are repeated, re-alleged, and incorporated by reference as is set forth more fully herein.

50.     An actual controversy exists before the Court with respect to whether Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites constitutes unfair competition under state common law.

51.     Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites is not likely to cause confusion as to the source or sponsorship of Defendants' mark ADVERTISING MAGIC products or services.

52.     Plaintiff requests a declaration from the Court that its past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites does not violate state common law.

### FOURT CLAIM FOR RELIEF

(Declaration of Equitable Estoppel Prohibiting Enforcement)

53.     The allegations of the preceding paragraphs of this Complaint are repeated, re-alleged, and incorporated by reference as is set forth more fully herein.

54. Plaintiff relied to its detriment on Defendants' unreasonable delay in asserting its claims against Plaintiff. Defendants' delay in asserting its claims is not justified or excused in law or in equity.

55. By its conduct complained of herein, Defendant has relinquished all rights it might ever have had to object to Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites or any other trademark or name incorporating the mark AD MAGIC.

56. Plaintiff requests a declaration from the Court that Defendant is barred by the equitable doctrine of laches, estoppel and/or acquiescence from challenging Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites.

WHEREFORE, Plaintiff, Ad Magic, Inc., prays for judgment against Defendants, Advertising Magic, Inc. and Harilaos Francisco Boukis as follows:

A. That Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites does not:

    (1) Constitute trademark infringement under 15 U.S.C. § 1114(1)(a);

    (2) Constitute false designation of origin under 15 U.S.C. 1125(a); or

    (3) Constitute unfair competition under state common law;

B. Declaring that Defendant is barred by the equitable doctrines of laches, estoppel and/or acquiescence from challenging Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites or any other name incorporating the word "ad magic;"

C.       Permanently enjoining Defendants and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from challenging Plaintiff's past and continued use of the mark AD MAGIC, its corporate name, and its admagic.com and related websites or any other name incorporating the words "ad magic;"

D.       Finding this case to be exceptional under 15 U.S.C. § 1117(a);

E.       Awarding Plaintiff its attorneys' fees, expenses and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1920;

F.       Awarding Plaintiff such further relief as the Court deems just and proper.


## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all claims so triable.

ALBANO AND ALBANO
Attorneys for Plaintiff, AD MAGIC, INC.


Dated: November 22, 2006           <u>s/      Nicholas Albano III</u>