NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AD MAGIC | : |
| Plaintiff, | : Civil Action No. 06-5775 (SRC)(MAS) |
| v. | : |
| ADVERTISING MAGIC, INC. | : **OPINION** |
| Defendant. | : |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

Defendant Advertising Magic, Inc., ("Defendant") moves for reconsideration of this Court's March 19, 2008 Order denying an extension of time for expert discovery (Order Denying Mot. for Extension of Expert Disc., Mar. 19, 2008.) Defendant contends that its March 6, 2008 letter was a request for a telephone conference to discuss extending the time to complete expert discovery. (Def.'s Letter to Hon. Michael A. Shipp requesting Expert Disc. Extension, Mar. 19, 2008.) For the reasons set forth below, the Court denies Defendant's Motion for Reconsideration of its March 19, 2008 Order.

## II. FACTUAL BACKGROUND

On March 6, 2008, Defendant filed a letter to this Court, entitled "Letter from Defendants to Hon. Michael A. Shipp Requesting Expert Discovery Extension." (*Id.*) In the first paragraph of that letter, Defendant stated that it was writing "to request a telephone conference with Your Honor to discuss extending the time to complete expert discovery". In the last paragraph, however,

Defendant wrote "[W]e are requesting a[n]...extension with respect to expert discovery, such that our expert report will be due on or before April 14, 2008." *(Id.)*

In Defendant's March 6, 2008 letter, Defendant stated that Plaintiff's counsel was granted an extension of fact discovery from January 15, 2008 to February 29, 2008, (Order Extending Disc., Jan. 30, 2008) and that Defendant requested "a similar extension" to that granted to Plaintiff. Plaintiff was granted the January extension (with the consent of Defendant) because of extenuating circumstances. The deposition process was apparently delayed when Plaintiff's principal, Shari Spiro's brother passed away after a lengthy illness. (Pl.'s Letter, Jan. 31, 2008.) As a part of its consent to the January 15, 2008 extension of fact discovery, Defendant's counsel Timothy Clyne drafted a Rule 11 Agreement on Deposition of Fact Witnesses (Fed. R. Civ. P. 11(b)) which provided that the deadline for deposition of fact witnesses would be extended from January 15, 2008 to February 29, 2008. (Rule 11 Agreement on Dep. of Fact Witnesses, Jan. 14, 2008.) The agreement stated that "[o]ther than as stated herein no adjustment to any other scheduled date shall be revised." *(Id.)*

### III. DISCUSSION

In the Third Circuit, the standard that must be met in order for a motion for reconsideration to be successful is well established. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. N.J. 1995).

2

> In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with dispositive factual matters or controlling decisions of law which were overlooked . . . [A] motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

*In re NJ Affordable Homes Corp.*, 2006 Bankr. WL 4457337 *3, (Bankr. D.N.J., 2006.)

In the present motion, Defendant requests that the Court reconsider its decision to deny Defendant's request for an extension of expert discovery "in order to prevent manifest injustice". Defendant argues that its March 6, 2008 letter only requested a telephone conference with the Court, at which time it would discuss whether to request an extension of the time to complete expert discovery. (Def. Mot. Recons. ¶ 2, Apr. 2, 2008.) It is undeniable that Defendant filed a letter to this Court, entitled "Letter from Defendants to Hon. Michael A. Shipp Requesting Expert Discovery Extension." Although Defendant states in the first paragraph of that letter that it was writing "to request a telephone conference . . . to discuss extending the time to complete expert discovery," the last paragraph states "[W]e are requesting a[n] . . . extension with respect to expert discovery, such that our expert report will be due on or before April 14, 2008." (Def.'s Letter to Hon. Michael A. Shipp requesting Expert Disc. Extension.) It is reasonable then that this Court read the March 6, 2008 letter as a request for extension of time for expert discovery and based its decision on that request.

A reconsideration motion is inappropriate to be used to reargue positions previously made or to otherwise ask the court to rethink issues already considered, rightly or wrongly. *In re NJ*

3

*Affordable Homes Corp.*, at * 4. This Court has considered the issue of granting Defendant's motion for an extension of time for expert discovery and denied the same.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Defendant's motion fails to meet the standard for a motion for reconsideration to be successful in the Third Circuit. Defendant fails to show that either: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. Because Defendant has failed to meet the standard for reconsideration, Defendant's motion is DENIED.

                                                             **HONORABLE MICHAEL A. SHIPP**
                                                             **UNITED STATES MAGISTRATE JUDGE**